UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BARRINGTON GROUP LIMITED, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-1813-B |
| CLASSIC CRUISE HOLDINGS S. DE. R.L. d/b/a REGENT SEVEN SEAS CRUISES, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff's, the Barrington Group, Limited, Inc. ("Barrington"), motion for award of attorneys' fees. (doc. 66). Upon consideration of the arguments of the parties and the record of the proceedings, the Court finds that Barrington is entitled to recover reasonable attorneys incurred in the pursuit of its claim for breach of contract, but that it has not presented sufficient documentation to allow the Court to examine whether the fees sought are reasonable. Accordingly, the Court **GRANTS** Barrington's motion, in part, and **ORDERS** Barrington to resubmit its fee application in accordance with this Order.

A.   The Positions of the Parties

Barrington moves for an award of attorneys' fees in the amount of $109,604.84. (doc. 66, p. 1). It sets forth the amount of fees, which it claims were reasonably and necessarily incurred in pursuit of its breach of contract claim, its brief (doc. 67) and the declaration of its lead attorney, T. Wesley Holmes (doc. 68).

At the commencement of this action, Mr. Holmes offered Barrington the choice of

representation based on a contingency fee or an hourly rate. Due to its precarious financial position, Barrington chose a contingency fee, which was initially set at 30% of any recovery before the commencement of trial. (Doc. 68, ¶ 4). On May 19, 2009, Regent paid Barrington $282,488.19. Barrington's attorneys reduced its fee on this payment from 30% to 20% and was paid $56,897.64. (*Id.*). At Barrington's request, Mr. Holmes agreed to thereafter represent Barrington for an agreed hourly rate rather than on a contingency fee basis. Through May 19, 2009, Mr Holmes's firm had "recorded 81.4 hours in time on the file and had advanced out of pocket expenses in the amount of $3,998.42." (*Id.*). This fee is the primary point of contention between the parties.

After May 19, 2009, Mr. Holmes's firm represented Barrington on an hourly rate basis, charging $400 per hour for Mr. Holmes's time, $200 per hour for the time of his associate, and $80 per hour for the time of a legal assistant. (*Id.* at ¶ 5). Between May 20, 2009 and February 28, 2010, Mr. Holmes's firm billed and collected $30,707.20 for 99.1 hours of time spent on the file. (*Id.* at ¶ 6). The time spent since March 1, 2010 has not yet been billed and collected, but is estimated to be 55 hours, at a cost of $22,000.00. (*Id.*; doc. 67, p. 4).

Regent challenges Barrington's right to recover the $56,897.64 fee for the May 19, 2009 payment. (doc. 72, p. 3). First, Regent argues that since the May 19, 2009 payment fully satisfied Invoice Nos. 78820, 79265, and 80401, Barrington did not "recover damages" on those invoices at trial and cannot now show entitlement to attorneys' fees related to that payment. (*Id.*, p. 4). Alternatively, Regent argues that even if Barrington were entitled to attorneys' fees, "the amount of $56,897.64 based on a 20% contingency fee arrangement is unreasonable." (*Id.*). Regent does not challenge the hourly rates Mr. Holmes's firm charged thereafter, and does not substantively challenge the remainder of the attorneys' fees sought.

**B.    Analysis**

An award of attorneys' fees "is entrusted to the sound discretion of the trial court." *Tex. Commerce Bank Nat'l Assoc. v. Capital Bancshares, Inc..*, 907 F.2d 1571, 1575 (5th Cir. 1990). In this diversity case, "[s]tate law controls both the award of and the reasonableness of fees awarded[.]" *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002). The Texas Civil Practice and Remedies Code permits prevailing parties to recover their attorneys' fees in breach of contract actions. Tex. Civ. Prac. & Rem. Code § 38.001(8) (West 2008).

"To recover fees under Section 38.001, a party must (1) prevail on a cause of action for which fees are recoverable, and (2) recover damages." *Penhollow Custom Homes, LLC v. Kim*, No. 08-08-00029-cv, 2010 WL 105107 at *5 (Tex. App. – El Paso, March 24, 2010) (citing *Mustang Pipeline Co., Inc. v. Driver*, 134 S.W.3d 195, 201 (Tex. 2004)). Here, Barrington prevailed on a cause of action – breach of contract – for which fees are recoverable and recovered damages and interest as set forth in the judgment of the Court. (doc. 71). As a result, Barrington "may recover reasonable attorneys' fees." that were necessary in the pursuit of its breach of contract claim. Tex. Prac. & Rem. Code § 38.001.

Regent's argument that Barrington may not recover fees that relate to Invoice Nos. 78820, 79265, and 80401 is not persuasive. Texas law does not require that a party recover all damages sought or even to "substantially" prevail on its breach of contract claim to recover reasonable attorneys' fees, though Barrington did substantially recover what it sought here. *Penhollow*, 2010 WL 105107 at *5. Regent presented no authority for the contention that attorneys' fees must be reduced in a successful breach of contract claim where damages are awarded for certain invoices but not for others.

Even if the Court treated each invoice as a separate claim and found that fees were not recoverable for certain invoices, Barrington would still be entitled to the recover attorneys' fees at issue. Texas law allows recovery of "the total amount of the attorneys' fees" when "discrete legal services advance both recoverable claims and unrecoverable claims." *Id.* (citing *Tony Gullo Motors v. Chapa*, 121 S.W.3d 299, 313 (Tex. 2006)). Here, the work done by Barrington's attorneys prior to May 19, 2009 and regarding Invoice Nos. 78820, 79265, and 80401 was integral to the advancement of Barrington's successful breach of contract claim. The fact development, briefing, and argument at trial largely focused on the course of dealing between the same representatives of the parties. Significant briefing was devoted to the issue of contract formation for those invoices that were later paid. Though Barrington did not seek additional payment beyond interest for those invoices, it was required to present testimony and evidence related to them in order to show entitlement to the damages it did recover. As a result, the Court concludes that Barrington is entitled to recover its reasonable attorneys fees, including those incurred prior to the May 19, 2009 payment.

Satisfied that Barrington has established its entitlement to recover attorneys fees for the pursuit of its breach of contract claim, the Court **GRANTS** Barrington's motion in part.

Having determined that Barrington is entitled to recover attorneys fees, the Court now turns to the question of whether Barrington's $109,604.84 figure is reasonable and supported by sufficient evidence. Texas courts examine the following eight factors in determining a reasonable fee award:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

Though Regent only challenges a portion of Barrington's claimed fees, the Court must nevertheless be satisfied that the total amount of fees sought are reasonable and properly supported. "The claimed fee must be reasonable under the particular circumstances of the case and have some reasonable relationship to the amount in controversy or to the complexity of the issue to be determined." *Tex. Commerce Bank Nat'l Assoc.*, 907 F.2d at 1575. Here, Barrington supported its motion for attorneys' fees with the declaration of its attorney, T. Wesley Holmes. (doc. 68). While Mr. Holmes's declaration broadly describes how the total figure was reached, it does not include sufficient evidentiary support to allow the Court to meaningfully apply the *Arthur Andersen* factors in assessing the reasonableness of Barrington's fee request. Barrington's motion provides scant support beyond a historical description of the fee structure and the hourly rates charged. No billing records are attached to substantiate the fee request or to detail the specific tasks performed and the time spent on them. While the Court may take judicial notice of certain factors, such as the prevailing rate in the area, it may not accept a fee application without the information necessary to

apply the appropriate scrutiny.

Therefore, the Court finds that Barrington must resubmit its fee application by July 7, 2010. In its submission, Barrington shall present evidence concerning the *Arthur Andersen* factors, and it shall provide billing records containing a description of the services provided by Barrington's counsel for which recovery is sought. Barrington is further encouraged to submit any other documentation it believes tends to substantiate its claim for attorneys' fees.

Regent shall have ten days from the date of Barrington's submission to present objections to specific fees sought. Because Barrington has established its entitlement to reasonable attorneys' fees, Regent's response shall be limited to objections to the reasonableness of specific fees charged or the time spent on the activities described.

C.  Conclusion

For the reasons described above, the Court **GRANTS** Barrington's motion in part and **ORDERS** that it resubmit its fee application in accordance with this Order. The Court finds that Barrington is entitled to recover its reasonable attorneys' fees incurred in pursuing its breach of contract claim, including those fees incurred prior to May 19, 2009 and that relate to the late paid invoices. Barrington is **ORDERED**, however, to resubmit its fee application in accordance with this Order by July 7, 2010.

SO ORDERED

Signed: June 18, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-6-